Opinion op the Court, by
Judge Owsley.
THIS was a proceeding in the circuit court by an appeal from the judgment of a justice, rendered in fatfor of Mansfield,.on a warrant which he had caused to be issued against Wayman.
The trial was had in the circuit court, under the act of assembly dispensing with pleadings in writing. .
•It was in proof, that Mansfield, Wayman and two others, became the sureties of a certain Isaac Wright, in a recognizance for Wright’s appearance to answer a charge of felony, which was exhibited against him; that Wright failed to appear according to the .condition of the recognizance, find the sureties employed an attorney to defend them against the recognizance, each of the sureties agreeing to pay the attorney twenty-five dollars; that it was agreed between the sureties, that Wright should be pursued; but it not being convenient for Mansfield to go in the pursuit, he furnished Wayman with twenty-five dollars to employ a man to go in his place; and that Wayman accordingly employed a man by the nariie of Jenkins, who, together with Wayman,, pursued Wright and overtook him in the state of Tennessee; but possessing no competent authority to aryesi and bring back Wright, they left him in Tennessee, after Wayman had received from him a negro boy, by way of indemnity against the recognizance of bail. Way-man and'Jenkins having returned without Wright, whilst the proceedings on the recognizance were depepdf ing, and the .other sureties having learned that Way-man had obtained the negro boy from Wright, they told him, that unless he would pay all the .expences incident to the prosecution, they would make know-n to thejudge that he had received from Wright the b%y, and rather than the fact should be disclosed to thejudge, Wayman promised to pay. the expcnce. Wayman, however, refused to pay, and Mansfield having paid twenty-five dollars, his proportion of the fee to the attorney, brought this suit before ft justice, to recover back the same, together with the twenty-five dollars *260 advanced by; him to Wayman, for the purpose of cm* Paying Jenkins to go in pursuit of Wright. ..
Mansfield recovered judgment befóte the justice for twenty-five dollars, and upon the. cause being brought to the circuit court by an appeal, he recovered a verdict for forty-five dollars; and after Wayman’s motion ford new trial was overruled, judgment was rendered against him, in conformity with the verdict.
The application was made for a new trial on the' ground of the verdict being against evidence; and the question for the decision of this court, is, whether, or not, proof of the preceding facts, justified the finding ®f the jury.
There is, evidently, no foundation for any charge against Wayman, on the ground of his having misapplied the twenty dollars which were advanced by Mansfield for the purpose of employing a man to pursue Wright; for the twenty dollars were in fact applied to that purpose, and the person employed, together with Way-man, appears to have went in the pursuit of Wright, and from any thing contained in the record, they did every thing which was practicable to be done, after Wright was overtaken by them.
It is true, after Wayman returned, he is proved to. have promised to pay Mansfield, and the other sureties of Wright, that he would pay the expences which had accrued in consequence of their having .become bound in the recognizance with Wright, and if that promise . was proved to have been made upon a valid consideration, the j.ury might have been justified in finding their verdict; but the only consideration for that promise, which the evidence conduces to prove, is the agreement of (he co-sureties of Wayman, that they would not inform the judge of his having received the negro boy from Wright; and as that agreement was neither prejudicial to them nor beneficial to Wayman, it was evidently no sufficient consideration to uphold the promise which was made by Wayman.
If, as the evidence seems to prove, the negro boy was received bv Wayman from Wright, as an indemnity to those who had become bound in the recognizance with him, there might be a propriety in-subjeciing the boy to the claim of all the sureties, for the expence incurred by them; but that should be done in the ’appropriate form of action, and not in a proceeding by. warrant before a justice of the peace.
*261 (Hie judgment rehfsl be reversed with costs, the cause remanded to the court below, and further .proceedings ’mere had., not inconsistent with this opinion. *